**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

RAFAEL MONZON GRAMAJO,

Petitioner,

v.

VERNON LIGGINS,
*in his official capacity as Acting Field Office Director for Detention and Removal, U.S. Immigration and Customs Enforcement,*
TODD LYONS,
*in his official capacity as Director of U.S. Immigration and Customs Enforcement,*
MARKWAYNE MULLIN,
*in his official capacity as Secretary of Homeland Security*, and
TODD BLANCHE,
*in his official capacity as Attorney General of the United States,*

Respondents.

Civil Action No. 26-1476-TDC

## MEMORANDUM ORDER

On April 16, 2026, Petitioner Rafael Monzon Gramajo filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 to challenge his detention in the Hold Room at the United States Immigration and Customs Enforcement ("ICE") Field Office in Baltimore, Maryland ("the Baltimore Hold Room"). On April 18, 2026, ICE transferred Monzon Gramajo to the Winn Correctional Center in Winnfield, Louisiana ("the Louisiana detention facility"). On April 22, 2026, the Court issued an Order that, among other provisions, enjoined detention of Monzon Gramajo pursuant to 8 U.S.C. § 1225(b)(2) and required that Monzon Gramajo receive a bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and applicable regulations.

Although Monzon Gramajo received a bond hearing on April 29, 2026, the immigration judge denied bond, so Monzon Gramajo remains in immigration detention at the Louisiana detention facility.

During an April 20, 2026 Case Management Conference, the Court granted leave to Monzon Gramajo to file an Amended Petition, for Respondents to file an Answer to the Amended Petition, and for Monzon Gramajo to file a Reply. *See* Order at 2, ECF No. 12; Rules 1(a), 5, Rules Governing Section 2254 Cases in the United States District Courts (providing that the rules may apply to all habeas petitions and that the proper response to a Petition is an Answer followed by a Reply). Nevertheless, Respondents filed a Motion to Dismiss the Amended Petition and later filed a reply brief. ECF Nos. 20, 29. The Court will construe Respondents' Motion to Dismiss as an Answer to the Amended Petition and will strike the reply brief as improperly filed. Accordingly, Respondents' Motion for an Extension of Time relating to the reply brief, ECF No. 28, will be dismissed as moot.

At the bond hearing on April 29, 2026, the immigration judge denied bond based on a finding that Monzon Gramajo posed a flight risk. Monzon Gramajo then filed a Motion for an Order to Show Cause in which he requests that the Court order Respondents to show cause "as to why the Immigration Judge's finding of flight risk was constitutionally valid." Mot. Show Cause at 6, ECF No. 23.

Upon review of the submitted materials, the Court finds that no hearing is necessary. *See* D. Md. Local. R. 105.6. For the reasons set forth below, the Amended Petition will be dismissed, and the Motion for an Order to Show Cause will be denied.

## DISCUSSION

### I. Amended Petition

In the Amended Petition, Monzon Gramajo seeks immediate release from the Louisiana detention facility on the basis that Respondents violated his due process rights under the Fifth Amendment to the United States Constitution by depriving him of access to adequate medical care, basic hygiene necessities, and sanitary living conditions while he was detained in the Baltimore Hold Room. Respondents argue, in part, that this Court lacks jurisdiction over the Amended Petition filed with this Court because it is based on facts first presented after Monzo Gramajo was transferred to the Louisiana detention facility.

Generally, "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Only the District in which a petitioner is confined has jurisdiction over "core habeas petitions challenging present physical confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). However, "when the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release." *Id.* at 441. If a petitioner files an amended petition, that amended petition relates back to the date of the original pleading when the new claims "are tied to a common core of operative facts" underlying the original petition. *Mayle v. Felix*, 545 U.S. 644, 664 (2005) (citing Federal Rule of Civil Procedure 15(c)); *see also* Fed. R. Civ. P. 15(c)(1)(B) (providing that an amended pleading relates back to the original pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the

original pleading"). New claims do not relate back "simply because they relate to the same trial, conviction, or sentence" at issue in the original petition. *Mayle*, 545 U.S. at 662.

Here, where Monzon Gramajo was still confined in the Baltimore Hold Room at the time that he filed his original Petition on April 16, 2026, the Court had jurisdiction over the Petition, in which Monzon Gramajo asserted that Respondents unlawfully subjected him to mandatory detention under 8 U.S.C. § 1225(b)(2) and that his continued detention without a bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) violated his right to due process of law. By the time that Monzon Gramajo filed his Amended Petition on April 24, 2026, he had been detained at the Louisiana detention facility for approximately one week. In the Amended Petition, Monzon Gramajo asserts a different claim: that he should be released because while he was detained in the Baltimore Hold Room, he was subjected to unsanitary conditions of confinement, and Respondents failed to provide him with adequate medical care, in violation of his due process rights.

In *Mayle*, after the petitioner filed a habeas petition based on a claim that the admission at trial of video testimony of a witness violated his rights under the Sixth Amendment's Confrontation Clause, the petitioner filed an amended habeas petition that asserted a new claim, that the police had coerced the petitioner into making incriminating statements, in violation of the Fifth Amendment right against self-incrimination. *Id.* at 648–49. The United States Supreme Court held that the amended petition did not properly relate back to the original petition because it asserted "a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Id.* at 650. In contrast, where an original petition alleged a failure to disclose exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), an amended petition that alleged "the Government's failure to disclose a particular report" would

relate back to an original petition, because both pleadings relate to "evidence obtained at the same time by the same police department." *Id.* at 664 n.7 (citing *Mandacina v. United States*, 328 F.3d 995, 1000–1001 (8th Cir. 2003)).

Here, Monzon Gramajo argues that the Amended Petition relates back because both petitions assert due process claims that arise from his detention in the Baltimore Hold Room from April 15, 2026 to April 18, 2026. However, the original Petition asserts only that Monzon Gramajo was improperly detained because he was not properly subject to mandatory detention pursuant to 8 U.S.C. § 1225(b) and instead should have been afforded a bond hearing pursuant to 8 U.S.C. § 1226(a), such that his detention without such a hearing violated his procedural due process rights under the Fifth Amendment. The Amended Petition, on the other hand, alleges a due process violation based on the allegedly deficient conditions of confinement at the Baltimore Hold Room, including that Monzon Gramajo had no change of clothes over approximately 72 hours of detention, he had not been permitted to wash his hands, he was in an overcrowded call with insufficient bedding, he was not receiving adequate nutrition, and he had been denied over-the-counter pain medication. The original Petition made no claims about the conditions of confinement and did not even reference those conditions, whether generally or specifically. The Court therefore finds that the Amended Petition does not share a "common core of operative facts" with the original Petition and thus does not relate back to the original Petition. *See Mayle*, 545 U.S. at 664. In turn, because the Amended Petition was filed at a time when Monzon Gramajo had already been transferred to Louisiana, this Court lacks jurisdiction over the new habeas claims in the Amended Petition. The Amended Petition must therefore be dismissed.

Further, even if the Amended Petition were properly filed in this District, Monzon Gramajo's claims, which seek only injunctive and declaratory relief, are moot. As "a general rule,

a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there." *Rendelman v. Rouse*, 569 F.3d 182, 186 (4th Cir. 2009). Monzon Gramajo asserts that the Amended Petition is not moot because his claims are based on the argument that his detention violates the right to due process of law. Monzon Gramajo cites no legal authority for this argument. Rather, the United States Court of Appeals for the Fourth Circuit has held that "[o]nce an inmate is removed from the environment in which he is subjected to the challenged policy or practice," claims challenging conditions of confinement are moot because any declaratory or injunctive relief "would not redress in any way the injury he originally asserted." *Incumaa v. Ozmint*, 507 F.3d 281, 287 (4th Cir. 2007). Here, where Monzon Gramajo was transferred out of the Baltimore Hold Room on April 18, 2026, almost a week before the filing of the Amended Petition, he has been continuously detained at the Louisiana detention facility since then, and there are no claims of unconstitutional conditions of confinement at that facility, the claims based on the conditions at the Baltimore Hold Room are moot.

Finally, the Court notes that Monzon Gramajo's claims of unconstitutional conditions of confinement are generally not properly addressed through a habeas petition. Although the Supreme Court has "left open the question whether [prisoners] might be able to challenge their confinement conditions via a petition for a writ of habeas corpus," *Ziglar v. Abbasi*, 582 U.S. 120, 144 (2017), the Fourth Circuit has noted that generally, "claims challenging conditions of confinement cannot be brought in habeas petitions." *Timms v. U.S. Att'y Gen.*, 93 F.4th 187, 192 n.8 (4th Cir. 2024). To the extent that there are limited circumstances in which a habeas petitioner may seek release based on conditions of confinement, they would not include circumstances, such as those presented here, in which the petitioner is presently detained in a different facility from the

one with the allegedly unconstitutional conditions of confinement and is thus no longer subjected to those conditions.

For all of these reasons, the Amended Petition will be dismissed.

## II. Bond Denial

In the Motion for an Order to Show Cause, Monzon Gramajo argues that his bond hearing was not "constitutionally valid" because "evidence clearly showed Petitioner met each of the nine . . . factors" for granting bond under Board of Immigration Appeals ("BIA") precedent. Mot. Show Cause at 5–6.

8 U.S.C. § 1226(e) prohibits judicial review of an immigration judge's decision to deny bond. That provision states that:

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole.

8 U.S.C. § 1226(e). The Fourth Circuit has held that § 1226(e) does not bar judicial review of constitutional challenges to categorical, across-the-board policies, but it bars judicial review of discretionary decisions about the application of § 1226 to particular cases. *Miranda v. Garland*, 34 F.4th 338, 352–53 (4th Cir. 2022). Rather, appeals "relating to bond and custody determinations may be filed to the Board of Immigration Appeals." 8 C.F.R. §§ 236.1(d)(3), 1003.19(f), 1236(d)(3).

Here, Monzon Gramajo's claim that the immigration judge did not properly apply the relevant factors and disregarded evidence related to those factors relevant to determining whether a petitioner is a flight risk challenges an individual, discretionary determination on custody that may be appealed only to the BIA, not a broad policy on how bond determinations are made. Accordingly, the Court will deny the Motion for an Order to Show Cause.

**CONCLUSION**

For the foregoing reasons, it is hereby ORDERED that:

1. Respondents' May 27, 2026 reply brief, ECF No. 29, is STRICKEN.
2. Respondents' Motion for an Extension of Time, ECF No. 28, is DISMISSED AS MOOT.
3. Petitioner's Amended Petition for a Writ of Habeas Corpus, ECF No. 17, is DISMISSED.
4. Petitioner's Motion for an Order to Show Cause, ECF No. 23, is DENIED.
5. Respondents' Motion to Withdraw as Attorney, ECF No. 30, is GRANTED.
6. The Clerk shall close this case, subject to the Court's retention of jurisdiction to enforce compliance with prior Orders.

Date: August 24, 2026

THEODORE D. CHUANG
United States District Judge